ALFRED GODFREY, Respondent, v. ROGERS and CALD-
WELL, Appellants.

Where the assignee of a mortgage upon premises, the buildings upon which were
destroyed by fire, agreed to waive his lien in favor of one who had agreed to
advance money to rebuild, but no agreement was made at the time as to interest:
Held, that the guarantee of the assignee, extended no further than the contract
when made, and as this was silent as to interest, that a higher rate of interest
than the law allowed, where the rate was not agreed upon by the parties, could
not be allowed.

APPEAL from the Fourth Judicial District.

This case, as originally decided, will be found reported in 2d
California Reports, 489, where the facts are detailed, and to which
we refer. It will be there seen that W. G. Wells, the assignee
of a mortgage on the premises described; (the buildings upon
which were destroyed in the fire of 4th May, 1851), covenanted
to waive his lien in favor of Rogers, who had agreed with Cald-
well, the grantor in the mortgage, to advance funds to rebuild
the premises. The present plaintiff is the assignee of Wells,
and had notice of this agreement. Rogers advanced the funds,
accordingly, and the advance so made, was allowed to him as an
equitable lien.

The question presented to the court in the present case is,
whether or not Rogers was entitled to five per cent. interest,
as against the mortgagee, claimed by him upon his advance.
This was resisted on the ground that there was no agreement in
writing fixing the interest, and that therefore the claimant was
entitled to no more than the ten per cent. which the law allows
when the parties do not agree upon a different rate.

It was in evidence that Caldwell had verbally agreed to the
charge of five per cent. per month after the advances had been
all made, but there was none showing the assent of Mills, his
assignee, or of the plaintiff, assignee of Mills.

*Hambley*, for appellants.

*M'Allister*, for respondent.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

When this cause was here before, the claim of Rogers was allowed as an equitable lien, because he had been induced to advance the money by Wells, the holder, and subsequently the assignor, of the mortgage. But the guarantee of Wells extended no further than the contract then made, or about to be made, between Rogers and Caldwell.

The evidence disclosed no contract for interest until after the advances had been made and an account of them rendered. In this account, Rogers charges Caldwell five per cent. per month, and Caldwell assents to it. Now, although it is true, that as against Caldwell, this charge for interest may be enforced, yet it cannot enter into the equity of Rogers's claim for advances which are held a prior lien to Wells's mortgage.

Wells guaranteed alone for the advances, as they were agreed on, or contemplated, at the time. It would be inequitable to allow any subsequent contract, for a heavy rate of interest, to partake of the guarantee, and such a rule would always leave the guarantor unprotected against collusive agreements.

Judgment affirmed.